**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicholas Corrow,<br><br>                                         Plaintiff,<br><br>          -v-<br><br>Nassau University Medical Center, Nassau County Police Department, Nassau County Police Department Precinct,<br><br>                                         Defendants. | 2:24-cv-5018<br>(NJC)(LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se Plaintiff Nicholas Corrow ("Corrow") while detained at the Nassau County Correctional Center. (IFP Mot., ECF No. 8; Am. Compl., ECF No. 6.) Corrow's responses on the IFP motion qualify him to commence this action without prepayment of the filing fee. Accordingly, the IFP motion is granted. However, for the reasons that follow, the Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) and with leave to file a second amended complaint.

## BACKGROUND

On July 12, 2024, Corrow filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") arising out of alleged injuries that he sustained while detained at the Nassau County Correctional Center. (Compl., ECF No. 1.) Corrow did not pay the filing fee or file an IFP motion. Accordingly, on July 22, 2024, the Court instructed Corrow to either pay the filing fee or complete and return the enclosed application to proceed IFP and Prisoner Litigation Authorization form ("PLA") within fourteen days in order for this case to proceed. (Not. of

Deficient Filing, ECF No. 2.) The fourteen-day deadline passed without Corrow paying the filing fee or returning the IFP and PLRA forms. On August 22, 2024, the Court "direct[ed] Plaintiff to either pay the $405.00 filing fee or file an IFP application and PLA by September 20, 2024." (Elec. Order, Aug. 22, 2024.) On August 23, 2024, Corrow filed an Amended Complaint, IFP motion, and the PLA. (Am. Cpml.; IFP App., ECF No. 8; PLA, ECF No. 7.)

## I.    The Amended Complaint[1]

Corrow's Amended Complaint is submitted on the Court's form for civil rights claims brought pursuant to Section 1983. (Am. Compl.) The Amended Complaint names as defendants the Nassau University Medical Center, the Nassau County Police Department ("Police Department"), and a Nassau County Police Department Precinct ("Precinct" and collectively, "Defendants"). (*Id.* at 1–2.) The "Statement of Claim" alleges that, on or about April 4, 2024:

> I was taken to Nassau Medical Center with my pinky finger on my left hand hanging off in jeopardy of losing finger. Pinky was still present but hung by skin while bleeding profusely. Upon entering ICU was instructed by paramedics wheeling myself in trauma unit was necessary. Nassau Police objected and hospital workers followed their lead. Placed in a non surgical/trauma room and while handcuffed to a bed I was told, not spoken with or advised about surgery protocol that my finger was to be amputated. Surgeon stated "the left & right nerve in finger dies" as cause for amputation. Given no alternatives to save the appendage, signed no paperwork nor did I agree to amputate my finger. Prior to this surgery was in no conscious state of mind to acknowledge or agree hereto. Paramedics stated finger cold be saved, I believe officers with help of medical staff booked me hurridly & urged amputation. No pain protocols taken or any pre surgery or post surgery follow ups.   I believe finger could/should have been saved.

(*Id.* ¶ II at 4.) In the space that calls for a description of any injuries claimed and any medical

---

[1] Excerpts from the Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

treatment that was required and/or received, Corrow wrote:

> Amputated pinky finger. Required extensive surgery outlook to be performed before cutting a limb off with no agreement. Medical malpractice received. I am left handed as is the finger amputated making me now disabled in my power hand.

(*Id*. ¶ II.A at 4.) For relief, Corrow seeks to recover "monetary relief" and "punitive damages" in unspecified sums. (*Id.* ¶ III at 5.)

## LEGAL STANDARDS

### I.       In Forma Pauperis

Upon review of Corrow's IFP motion, the Court finds that Corrow is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP motion (ECF No. 8) is granted.

### II.      Sufficiency of the Pleadings

Given that Corrow is incarcerated and proceeding IFP, 28 U.S.C. § 1915A instructs that "[t]he court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)).

3

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Hassan v. United States Fed. Deposit Ins. Corp*, No. 23-1113, 2024 WL

1132244, at *2 (2d Cir. Mar. 15, 2024). If, however, amendment of the complaint would not cure

the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112;

*Hassan*, 2024 WL 1132244, at *2.


## DISCUSSION

### I.   Section 1983 Claims

Corrow's claims are brought pursuant to Section 1983. Section 1983 provides redress for

Constitutional deprivations and provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it provides only a procedure for

redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d

Cir. 1993) (citing *Cty. of Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v.

United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024)

(noting that Section 1983 does not provide an independent source of substantive rights). To

maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of

state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See

Sykes*, 13 F.3d at 519. Further, a plausible Section 1983 claim must allege the personal

involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v.

Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled in this Circuit that personal

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

5

damages under § 1983."); *Alke v. Adams*, 826 F. App'x 4, 6 (2d Cir. 2020).

Here, a liberal construction of the Amended Complaint suggests that Corrow intends to pursue a deliberate indifference claim concerning the medical care provided to him relating to his injured pinky finger. (Am. Compl. ¶ II.) For the reasons that follow, Corrow's Section 1983 claims necessarily fail because the Precinct and Department are not proper defendants and his allegations do not sufficiently allege municipal liability in support of his claims, liberally construed, as against Nassau County or the Nassau County Health Care Corporation. Further, the Amended Complaint does not allege a plausible deliberate indifference claim whether brought under the Eighth or Fourteenth Amendment.

### A.  The Department and Precinct Lack Capacity to be Sued.

Although Corrow names the Department and the Precinct as defendants, these entities are not proper parties to this action as a matter of law. It is well-established that a police department or police precinct cannot sue or be sued because such entities do not exist separate and apart from the municipality and do not have independent legal identities. *See Henry v. County of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (affirming dismissal of plaintiff's claims against police department because "the Nassau County Police Department is a non-suable agency of Nassau County"); *Brooks v. Suffolk Cnty. First Precinct*, No. 21-cv-4546, 2021 WL 5139075, at *2 (E.D.N.Y. Nov. 4, 2021) ("The First Precinct is a non-suable entity because it is an administrative arm, which does not have a legal identity separate and apart from the municipality.") (quotation marks omitted); *see also Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) ("The Police Department is an administrative arm of the County of Nassau. Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or

be sued."); *Jackson v. County of Nassau*, No. 07-cv-245, 2010 WL 335581, at *5 (E.D.N.Y. Jan. 22, 2010) (dismissing Section 1983 claims against the Nassau County Police Department because it lacks the capacity to be sued independent from the municipality, Nassau County).

Because Corrow's Section 1983 claims as against the Department and Precinct are not plausible, they are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### B.  Municipal Liability

In light of Corrow's pro se status, the Court liberally construes his claims against the Department and Precinct as against Nassau County. *See, e.g.*, *Pena v. Suffolk Cnty. Police Dep't*, No. 21-cv-2496, 2021 WL 3848299, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing claims against Suffolk County Police Department because the department is an administrative arm of the county that lacks a separate legal identity and construing the claims against Suffolk County). The Court also construes Corrow's claims against Nassau University Medical Center as against the Nassau County Health Care Corporation (the "Health Care Corporation"). The Nassau University Medical Center is a part of the Health Care Corporation, which "is a [p]ublic [b]enefit [c]orporation created by the New York State Legislature." *Gaines v. Nassau Cnty. Health Care Corp.*, No. 18-cv-2109, 2019 WL 7472297, at *1 n.1 (E.D.N.Y. Dec. 9, 2019), *R. & R. adopted*, No. 18-cv-2109, 2020 WL 42804 (E.D.N.Y. Jan. 3, 2020); N.Y. Pub. Auth. Law § 3401 (establishing the NCHCC as a public benefit corporation). Unlike the Department and Precinct, the Health Care Corporation "can be held liable under Section 1983 . . . if the alleged constitutional deprivation is the result of a 'policy or custom'" of that entity. *Greer v. Mehiel*, 805 F. App'x 25, 30 (2d Cir. 2020) (citing *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004)); *see also Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 142–43 (2d Cir. 1999) (analyzing a Section 1983 claim against a public benefit corporation under *Monell v. Dep't*

*of Social Servs*., 436 U.S. 658 (1978)).

In order to prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690–91). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "Rather, a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to [carry] the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston County*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, Corrow has not alleged any facts from which this Court could reasonably construe that the challenged conduct was undertaken pursuant to any custom, policy, or practice of Nassau County or the Health Corporation. Thus, Corrow's claims against the Department and Precinct, which are construed as claims against Nassau County, and the claims against Nassau University Medical Center, which are construed as claims against the Health Care Corporation, are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## C.  Deliberate Indifference Claim

Claims alleging the deliberate indifference to a detained person's serious medical need may be brought under the Eighth Amendment or Fourteenth Amendment depending upon the individual's conviction status. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment."); *see also Swinton*, 2023 WL 2317838, at *2 (analyzing a pretrial detainee's denial of medical treatment claim under the Fourteenth Amendment standard). The standard for deliberate indifference under both amendments requires a plaintiff to satisfy an objective and subjective prong. *Darnell*, 849 F.3d at 35; *see also Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020). The objective prong is the same for both amendments: "the plaintiff must show that the alleged deprivation of medical care was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), *abrogated in part on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023) (quotation marks omitted); *see also Horace*, 802 F. App'x 11. The subjective prong, however, is different under the Eighth and Fourteenth Amendments. *Darnell*, 849 F.3d at 35.

Under the Eighth Amendment, a plaintiff satisfies the subjective prong by plausibly alleging that "the defendant official acted or failed to act while actually aware of a substantial risk that serious inmate harm will result." *Id.*; *see also Collins v. Figura*, No. 23-109, 2024 WL 1739084, at *1 (2d Cir. Apr. 23, 2024). The Eighth Amendment's "subjective test requires a showing that a defendant 'knows of and disregards an excessive risk to [the plaintiff's] health or safety,' such as with evidence that 'the risk was obvious or otherwise must have been known to a defendant.'" *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003).

9

By contrast, under the Fourteenth Amendment, a plaintiff satisfies the subjective prong by plausibly alleging that the defendant "official 'acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official *knew, or should have known*, that the condition posed an excessive risk to health or safety.'" *Darnell*, 849 F.3d at 35; *see also Horace*, 802 F. App'x at 14; *see also Charles v. Orange County*, 925 F.3d 73, 86–87 (2d Cir. 2019) (holding that while this "formulation of the deliberate indifference standard was developed in cases involving unconstitutional conditions of confinement," the "same principles" apply to claims of unconstitutionally inadequate medical treatment). However, negligence is insufficient to satisfy this component. *Darnell*, 849 F.3d at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently). Thus, "a plaintiff must demonstrate, 'at a minimum,' that the defendant provided deficient medical treatment with 'culpable recklessness . . . that evinces a conscious disregard of a substantial risk of serious harm' to his health." *Swinton*, 2023 WL 2317838, at *2 (quoting *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021)).

Here, Corrow does not allege whether he is a pretrial detainee (whose claim would then arise under the Fourteenth Amendment) or a person who has been sentenced (whose claim would then arise under the Eighth Amendment). (*See generally* Am. Compl.) Under both the Eighth Amendment and Fourteenth Amendment, the first prong of a deliberate indifference claim requires a plaintiff to plead sufficient factual allegations to show an objectively serious inadequacy in medical care. *Horace*, 802 F. App'x at 14. Even assuming that this first prong is met, Corrow's thin allegations do not satisfy the second prong of the deliberate indifference tests under either the Eighth Amendment or Fourteenth Amendment. Indeed, Corrow does not allege

10

any facts suggesting intentional or reckless conduct that a defendant knew or should have known would pose an excessive risk to his health or safety. (*Id.*) Without additional allegations as to Defendants' knowledge about Corrow's injured finger, Corrow's "belie[f] [that his] finger could/should have been saved" does not suffice. Am. Compl. ¶ 2 at 3; *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (recognizing that "disagreement over the proper treatment does not create a constitutional claim . . .[s]o long as the treatment given is adequate . . . ."); *see also Collins*, 2024 WL 1739084, at *1 (same); *Charles*, 925 F.3d at 88–89 (acknowledging that "mere medical malpractice is not tantamount to deliberate indifference [under the Fourteenth Amendment], but it may rise to the level of deliberate indifference when it involves culpable recklessness," as when defendants knew of plaintiff's serious mental health conditions and failed to provide adequate healthcare); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth [or Fourteenth] Amendment violation.").

Further, the Amended Complaint's Section 1983 claim challenging the adequacy of the medical treatment that Corrow received at the Nassau University Medical Center fails to state a claim because it lacks factual allegations that the Health Care Corporation sustains any policy or custom with the force of law or that any such policy or custom was the moving force behind a violation of Corrow's constitutional rights. *See Parker v. Suffolk Cnty. Police Dept.*, No. 22-cv-3969, 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023) (dismissing amended complaint where plaintiff "has not pled that the allegedly unconstitutional arrest, search, and seizure were the result of a policy or practice of Suffolk County."); *Joyner-El v. Giammarella*, No. 09-cv-2731,

2010 WL 1685957, at *7–8 (S.D.N.Y. Apr. 15, 2010) (dismissing *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries").

## II.     State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered [under the pendent jurisdiction doctrine] . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Complaint.

## III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Hassan*, 2024 WL 1132244, at *2 (quotation marks omitted). Leave to amend should be denied where amendment of the complaint would not cure the substantive defects of the claim,. *Id.*

12

Here, in an abundance of caution, Corrow is granted leave to file a second amended complaint to afford him an opportunity to allege a plausible claim. If Corrow chooses to amend his complaint, he shall: (1) do so within thirty (30) days from the date of this Memorandum and Order; (2) clearly labeled it "Second Amended Complaint"; (3) and include the same docket number as this Order, No. 24-cv-5018. Corrow must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption *and* in the statement of claim. If Corrow does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint. Further, Corrow is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible *Monell* claims against Nassau County and the Healthcare Corporation and plausible deliberate indifference claims. *See supra* at I.B., I.C. Corrow is cautioned that the second amended complaint will completely replace, not supplement, the prior complaints, so any facts or claims that Corrow wants to include from the prior complaints must be repeated in the second amended complaint. If Corrow does not timely file a second amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Corrow may pursue any valid claims he may have including negligence or medical malpractice against the defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Corrow's IFP motion (ECF No. 8) and dismisses the Amended Complaint (ECF No. 6) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) without prejudice and with leave to file a second amended complaint. The Clerk of the Court shall mail a copy of this Memorandum and Order to Corrow at his address of record in an envelope bearing the notation "Legal Mail" and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
September 24, 2024

                                       /s/ *Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge