**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicholas Corrow,<br><br>Plaintiff,<br><br>-v-<br><br>Nassau University Medical Center; John Doe (Surgeon); Nassau County Headquarters, *County Office*; Officer Lee, *Nassau County Police Department, Precinct Bethpage, New York*; John Doe, *Detective, Bethpage, New York*; Jane Doe, *Paramedic, Nassau County EMT*,<br><br>Defendant. | 2:24-cv-5018 (NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Nicholas Corrow, proceeding pro se, filed this action against the following entities and individuals: Officer Lee of the Nassau County Police Department ("NCPD") precinct in Bethpage, New York; John Doe, a detective in Bethpage, New York; Nassau County Headquarters ("NCH"); Nassau University Medical Center ("NUMC"); John Doe (surgeon); and Jane Doe, a paramedic with Nassau County EMT. (Sec. Am. Compl. ("SAC"), ECF No. 15.) The Second Amended Complaint brings claims under 42 U.S.C. § 1983 ("Section 1983") and the Fourteenth Amendment to the United States Constitution alleging that Defendants were deliberately indifferent in providing Corrow medical treatment for an injury to his pinky finger, which led to amputation of the finger. On June 26, 2026, the Court granted NUMC's Motion to Dismiss the Second Amended Complaint and dismissed with prejudice all claims asserted against NUMC. (Mem. and Order ("NUMC Dismissal"), ECF No. 86.)

Now before the Court is a motion for judgement on the pleadings (the "Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") by the County and NCPD's Officer Lee (together, the "County Defendants"). (("Mot.") ECF No. 59.) The County Defendants argue that: (1) Corrow's complaint fails to state a claim upon which relief can be granted; (2) Nassau County Headquarters cannot be sued because it is an administrative arm of Nassau County; (3) Corrow failed to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"); (4) Officer Lee was not personally involved in the alleged constitutional violations; and (5) Corrow's failure to comply with New York General Municipal Law precludes any state law claims.

For the reasons explained below, the County Defendants' Motion is GRANTED.

## BACKGROUND

On July 12, 2024, Corrow filed a Complaint in this Court bringing Section 1983 claims arising out of alleged injuries that he sustained while detained at the Nassau County Correctional Center. (Compl., ECF No. 1.) On July 22, 2024, the Court filed an electronic order noting that Corrow did not pay the filing fee required to commence a civil action or file a motion to proceed in forma pauperis ("IFP"). (Not. of Deficient Filing, ECF No. 2.) As such, the Court instructed Corrow to either pay the filing fee or complete and return an enclosed application to proceed IFP and Prisoner Litigation Authorization form ("PLA") within fourteen days in order for this case to proceed. (*Id.*)

The fourteen-day deadline passed, but Corrow did not pay the filing fee or return the IFP and PLA forms. On August 22, 2024, the Court "direct[ed] Plaintiff to either pay the $405.00 filing fee or file an IFP application and PLA by September 20, 2024." (Elec. Order, Aug. 22,

2024.) On August 23, 2024, Corrow filed an Amended Complaint, IFP motion, and the PLA. (Am. Compl.; IFP App., ECF No. 8; PLA, ECF No. 7.)

**I. September 24, 2024 Order Dismissing the Amended Complaint**

On September 24, 2024, this Court issued an Order granting Corrow's IFP motion. (*See* Order ("IFP Order"), *Corrow v. Nassau Univ. Med. Ctr.*, No. 2:24-cv-5018 (E.D.N.Y.), ECF No. 12.) Upon granting Corrow's IFP motion, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A, which instructs that "[t]he court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

The Amended Complaint brought Section 1983 claims against NUMC, the Nassau County Police Department, and the Nassau County Police Department Precinct (together, the "Police Defendants") alleging deliberate indifference in the medical care provided to Corrow related to his injured pinky finger. (Am. Compl. ¶ II.) For the reasons set forth in the IFP Order, the Court dismissed the Amended Complaint for failure to state any plausible claims for relief. (*See* IFP Order at 5–13.)

In the dismissal Order, the Court noted that the Police Defendants "are not proper parties to this action as a matter of law" because it is "well-established that a police department or police precinct cannot sue or be sued because such entities do not exist separate and apart from the municipality and do not have independent legal identities." (*Id.* at 6 (citing *Henry v. Cnty. of*

*Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (affirming dismissal of plaintiff's claims against police department because "the Nassau County Police Department is a non-suable agency of Nassau County").) In light of Corrow's pro se status, the Court construed the Amended Complaint's claims against the Police Defendants as claims brought against Nassau County. (*Id*. at 7 (citing *Pena v. Suffolk Cnty. Police Dep't*, No. 21-cv-2496, 2021 WL 3848299, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing claims against Suffolk County Police Department because the department is an administrative arm of the county that lacks a separate legal identity and construing the claims against Suffolk County).) In order to prevail on a Section 1983 claim against a municipal entity, such as Nassau County, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

The Court assessed the Amended Complaint's claims against Nassau County under the aforementioned standards and found that it failed to "allege[] any facts from which this Court could reasonably construe that the challenged conduct was undertaken pursuant to any custom, policy, or practice of Nassau County[.]" (IFP Order at 8.) Accordingly, the Court dismissed the claims against Nassau County without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). (*Id.*) The Court also assessed the Amended Complaint's claims of deliberate indifference to Corrow's medical needs under both the Eighth and Fourteenth Amendments. The Court found that the Amended Complaint did not allege any facts suggesting intentional or

reckless conduct that could give rise to liability under the Fourteenth Amendment or that any defendant knew of and disregarded any excessive risks to Corrow's safety, which could give rise to liability under the Eighth Amendment. (*Id.* at 9–12.)

Finally, in the dismissal Order, the Court granted Corrow leave to file a second amended complaint and cautioned him "to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible *Monell* claims against Nassau County . . . and plausible deliberate indifference claims." (*Id.* at 12–13.)

## II. The Second Amended Complaint[1]

On October 17, 2024, Corrow filed a Second Amended Complaint using the Eastern District of New York's form for civil rights complaints. (Sec. Am. Compl., ECF No. 15.) As noted, the Second Amended Complaint names as defendants: (1) Nassau County Headquarters; (2) Officer Lee, NCPD, Precinct Bethpage; (3) John Doe, Detective, NCPD, Precinct Bethpage; (4) the NUMC; (5) John Doe (surgeon); and (6) Jane Doe, Paramedic Nassau County EMT. (*Id.* at 1–2.) The "Statement of Claim" alleges that the following happened to Corrow on April 4, 2024, at about 9:30 p.m.:

> [M]y pinky finger on my left hand was severed accidentally and Nassau County paramedics were transporting me to Nassau University Medical Center which was a 5 minute drive from the original scene. Upon arrival of paramedics and the entire transport procedure my pinky finger was hanging by the skin. Jane Doe of the paramedic EMT team who provided me medical care insisted to myself the finger medically would die in 12-15 hours. With this statement she was trying to ensure myself that in her medical opinion it was going to be medically reattached, as it only was a 5 minute drive to the facility. When I arrived on a stretcher in the hospital, procedure for the facility is to provide an individual with reasonable and adequate care and to be treated fairly without bias as first priority is to save human

[1] Excerpts from the Second Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> lives and perform necessary medical procedures. I was denied access to the trauma unit while suffering from a severed limb requiring hospital staff to adequately prepare a trauma unit to reattach and save my severed limb. Nassau County Police Dept. in accordance with the hospital staff instead chose to place me in a regular room on the ICU floor to make their own decisions on how to treat my finger with no say, options, or choice to myself. I believe medical malpractice and negligence are the sole cause of my pinky finger's amputation.

(*Id.* § II at 3–4.)[2]

The Second Amended Complaint further alleges:

> In accordance with Nassau Police Dept. which has no medical professional capacity, the decision to violate my rights and negligently amputate my finger was made by the officers and detectives on the scene in accordance with the surgeon who I'll name as John Doe. My injuries sustained are grave and . . . Nassau University Medical Center failed to operate under good and accepted standards of medical care and such departure was the immediate cause of my injuries directly . . . . In my case, I am pleading with the court that prior bias and prejudice were an immediate cause of the hospital to deviate from accepted standards of medical procedure and choose medical malpractice to hurridly perform a procedure I did not 1) Agree to and the surgeon did not provide me with or disclose any alternatives and therto failed to inform me of any foreseeable risks associated with the treatment that a reasonable medical practitioner would disclose in the same circumstance. Secondly 2) A reasonably prudent patient in the same position would not have undergone the treatment had I been fully informed of an amputation. Thirdly 3) A lack of informed consent is a proximate cause of my injury, even so standing alone if I signed consent, when I did not, does not establish defendants prima facie entitlement to judgment as a matter of law. In my attempt to prevail on this motion for judgment in this medical malpractice action, I am citing Nassau University Medical Center, Nassau County, John Doe (Surgeon) as the prima facie for deporting from good and accepted medical standards and the immediate cause of my injury resulting in permanent amputation as well as post traumatic stress disorder and mental and physical anguish as well as future wage loss and the inability to trust a public entity in the future . . . . This surgeon and his explanation for further amputation of my finger that was given initially would have left me with nerve damage, however several body cams present on Officer Lee on duty will show I was given no option and no adequate medical care to ensure proper procurement of my finger on my hand . . . . This body cam footage will show Officer Lee cleaning the blood himself when the amputation was over, the surgeons medical procedure and exploration and the officers on duty using police presence and persuasion to manipulate a public benefit corporation into bending to their

[2] In the "Statement of Claim" section, Corrow also cites to various state court cases.

> demands and gravely injuring me permanently instead of providing any alternative to amputation.

(*Id.* at 4–7.)

In the space that calls for a description of any injuries claimed and any medical treatment that was required or received, the Second Amended Complaint alleges:

> As an immediate cause of this event, my pinky finger on my left hand was amputated at no choice of my own. I received unprofessional, inadequate care that resulted in the removal of my finger instead of providing any means to an alternative treatment due to prejudice involvement prior with this facility.

(*Id.* § II.A at 4.)

For relief, Corrow seeks compensatory and punitive damages in the amount of $5,000,000. (*Id.* § III.)

**III. Nassau University Medical Center's Motion to Dismiss**

On July 31, 2025, NUMC filed a motion to dismiss all claims asserted against it in the Second Amended Complaint for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). (ECF Nos. 54 (notice of motion) and 55 (fully briefed motion).) In its motion, NUMC argued that the Second Amended Complaint failed to allege a plausible claim of deliberate indifference concerning the medical care Corrow received for his injured finger because the facts alleged illustrated that NUMC personnel treated Corrow for his injuries promptly, and Corrow's disagreement with the NUMC surgeon's course of treatment could not give rise to a deliberate indifference claim. (NUMC Dismissal at 7– 8.) In opposition, Corrow argued that NUMC exhibited deliberate indifference by placing him in the emergency room rather than within the hospital's trauma unit and by failing to prepare him for surgery. (*Id.* at 8.)

On June 26, 2026, the Court granted NUMC's motion to dismiss in its entirety and dismissed all claims against it with prejudice. (*Id.* at 14.) The Court found that the Second

Amended Complaint did not allege a plausible claim of deliberate indifference because it did not allege any facts suggesting any intentional or reckless conduct of which any defendant knew or should have known would pose an excessive risk to Corrow's health or safety. (*Id*. at 12.) The Court found that, at most, the Second Amended Complaint alleges that the surgeon acted with negligence, which resulted in medical malpractice, but it is well settled that "mere medical malpractice is not tantamount to deliberate indifference." (*Id*. (quoting *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *2 (2d Cir. Mar. 2, 2023) (summary order).)

**IV. The County Defendants' Motion for Judgment on the Pleadings**

On July 18, 2025, the County Defendants filed a letter seeking a pre-motion conference in anticipation of their motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 51.) On July 23, 2025, the Court denied the County Defendants' request for a pre-motion conference because they had already answered the Second Amended Complaint, which made any Rule 12(b) motion untimely. *See* Fed. R. Civ. P. 12(b)(6) (requiring that any motion to dismiss under the rule to "be made before pleading if a responsive pleading is allowed").

On August 14, 2025, the County Defendants filed a letter seeking a pre-motion conference in anticipation of a motion for judgment on the pleadings under Rule 12(c). (ECF No. 58.) On August 15, 2025, the Court waived the pre-motion conference requirement and set a briefing schedule. (Elec. Order, Aug. 15, 2025.) Accordingly, the County Defendants filed a motion for judgement on the pleadings on September 12, 2025 (ECF No. 59), and Corrow filed an opposition on October 10, 2025 (Ltr. ("Opp."), ECF No. 67.) The County Defendants did not file a reply, and therefore the motion for judgment on the pleadings is fully briefed.

## LEGAL STANDARDS

This Court is required to construe pleadings "filed by pro se litigants liberally and to interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc*., 6 F.4th 293, 301 (2d Cir. 2021). A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay a trial. *1-800 Contacts, Inc. v. JAND, Inc*., 119 F.4th 234, 246 (2d Cir. 2024). "To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively*, 6 F.4th at 301. Further, the court is not to "give effect to a complaint's assertions of law or legal conclusions couched as factual allegations; we are to accept well pleaded factual assertions as true; and we are to draw all reasonable factual inferences in favor of the plaintiff." *1-800 Contacts, Inc.*, 119 F.4th at 246. Thus, a court must "assume the veracity of well-pleaded factual allegations" when evaluating a Rule 12(c) motion, but "are not bound to accept as true a pleading's legal conclusion." *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 21 (2d Cir. 2023).

## DISCUSSION

The County Defendants argue that the Second Amended Complaint fails to state a deliberate indifference claim because its allegations are "facially implausible." (Mot. at 7.)

Indeed, the County Defendants argue that, rather than exhibiting deliberate indifference towards Corrow's health, they transported Corrow from Nassau County Correctional Center to NUMC so that he could receive treatment. (*Id.*) Further, the County Defendants contend that the Second Amended Complaint fails to allege that Officer Lee was personally involved in any alleged constitutional violations, which warrants dismissal of the claims against him. (*Id.* at 4–5.) Beyond the plausibility of the pleading's allegations, the County Defendants also argue that Corrow failed to exhaust the grievance procedures available to him within the Nassau County Correctional Center before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3] (*Id.* at 5–6.)

In opposition, Corrow argues that he was "surrounded by active NCPD personnel whom deliberately interfered with medical, violating 4th, 8th, and 14th amendment, among many."[4]

[3] The County Defendants also move for judgment on the pleadings on any state law claims asserted in the Second Amended Complaint on the basis that Corrow did not file a notice of claim pursuant to New York General Municipal Law ("New York Gen. Mun. L.") § 50-e with the County prior to commencing this lawsuit. (Mot. at 6.) In his opposition, Corrow clarifies that he is not asserting negligence and malpractice claims but "constitutional violations and deliberate indifference are my claim[s]." (Opp. at 4.) Similarly, in his opposition to NUMC's motion to dismiss, Corrow specified that the Second Amended Complaint only brings a deliberate indifference claim under Section 1983 rather than any claims under state law. (*See* ECF No. 55-3 at 1.) Accordingly, the County Defendants' argument concerning New York Gen. Mun. L. § 50-e is moot.

[4] Excerpts from Corrow's opposition to the County Defendant's motion for judgment on the pleadings have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Opp. at 1.) Corrow maintains that Officer Lee "perform[ed] the duty of cleaning blood off of me," which establishes personal involvement in the alleged constitutional violations. (*Id.* at 2.)[5]

For the reasons set forth below, the County Defendants fail to show that Corrow did not satisfy the PLRA's exhaustion requirement. However, all claims against the County Defendants are nevertheless dismissed with prejudice because the Second Amended Complaint fails to state a plausible claim for deliberate indifference.

## I. Claims Against Nassau County Headquarters

The County Defendants move for judgment on the pleadings on the basis that Nassau County Headquarters is an administrative arm of Nassau County that cannot be sued. (Mot. at 5.) However, in light of Corrow's pro se status, the Court construes the Second Amended Complaint's claims against Nassau County Headquarters as made against Nassau County. *See* IFP Order at 7; *see also Pena*, 2021 WL 3848299, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing claims against Suffolk County Police Department because the department is an administrative arm of the county that lacks a separate legal identity and construing the claims against Suffolk

---

[5] Corrow's opposition brief includes additional factual allegations regarding the hospital staff, the surgeon who treated him, and the police officers present at the hospital. It also raises, for the first time, claims under the Fourth and Eighth Amendments to the U.S. Constitution. However, the Court only considers the factual allegations in the Second Amended Complaint and Corrow's claim under the Fourteenth Amendment because "[a] plaintiff cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion for judgment on the pleadings." *Washington v. NYC Madison Avenue Medical P.C.*, No. 20-cv-3446, 2021 WL 4037518 (S.D.N.Y. Sept. 3, 2021); *see also Rojas v. Nuvem Health LLC*, No. 25-cv-4684, 2025 WL 3157770, at *4 (S.D.N.Y. Nov. 12, 2025) ("Even with the liberal standards applicable to pro se litigants, the plaintiff cannot amend his complaint by asserting new allegations for the first time in an opposition to a motion to dismiss."); *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998) (a party may not amend its pleadings through statements in motion papers).

County). Accordingly, the Court will proceed with assessing the Second Amended Complaint's claims against Nassau County in lieu of Nassau County Headquarters.

## II. PLRA Exhaustion

Under the PRLA, plaintiffs who are incarcerated must first exhaust the administrative remedies available to them prior to bringing Section 1983 claims. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") However, plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust "is an affirmative defense" that defendants can raise in a responsive pleading. *Id.*; *see also Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement.").

Nonetheless, "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122. Courts have dismissed claims for failure to exhaust in a variety of circumstances, such as: (1) where the complaint itself alleges that internal investigations are ongoing, *see, e.g.*, *Martinez v. Franco*, No. 19-cv-8868, 2021 WL 1199188, at *5 (S.D.N.Y. Mar. 30, 2021) (dismissing for failure to exhaust "clear from the face of the Complaint," where it alleged "that the plaintiff filed a grievance and appealed the superintendent's determination and the 'investigation is ongoing'"); (2) where the complaint was filed shortly after the underlying incident that gave rise to the lawsuit, making it implausible that the plaintiff could have exhausted the available administrative remedies in such a short period of

time, *see, e.g.*, *Caraballo v. Dep't of Corr. City of New York*, No. 22-cv-971, 2022 WL 16555313 (S.D.N.Y. Oct. 31, 2022) (dismissing a complaint for failure to exhaust where plaintiff filed his lawsuit five days after the underlying incidents); and (3) where the plaintiff initiated but did not complete the grievance process, *see, e.g.*, *Leon v. City of New York*, No. 13-cv-5407, 2014 WL 3408206 (S.D.N.Y. July 10, 2014) (dismissing for failure to exhaust where plaintiff "filed a grievance but did not comply with the [correctional center's] four-tiered review process"). However, "the Court cannot simply assume that Plaintiff failed to meet the requirements of the PLRA" in the absence of allegations establishing that a plaintiff exhausted administrative remedies. *Ayala-rosario v. Westchester Cnty.*, No. 19-cv-3052, 2020 WL 3618190 (S.D.N.Y. July 2, 2020).

According to the County Defendants, the Second Amended Complaint should be dismissed because it "makes no mention" that Corrow "raised his complaints about alleged medical malpractice and negligence with anyone within the chain of command at the Nassau County Correctional Center such that a grievance could be inferred even under a liberal interpretation of the [Second Amended Complaint]." (Mot. at 6.) However, this argument is contrary to well-settled law, as it attempts to place the burden on Corrow to affirmatively plead that he has exhausted the administrative remedies available to him. Indeed, the Supreme Court and Second Circuit have both made clear that plaintiffs like Corrow are not required "to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *Williams*, 829 F.3d at 122 ("Failure to exhaust administrative remedies is an affirmative defense under the PLRA, *not* a pleading requirement.") (emphasis added). The County Defendants fail to show how the specific allegations of the Second Amended Complaint make exhaustion implausible, and their

attempt to rely on the *absence* of allegations concerning exhaustion is insufficient to secure dismissal of the Second Amended Complaint at the pleading stage.

Accordingly, failure to satisfy the PLRA exhaustion requirement is not a basis for judgment on the pleadings in favor of the County Defendants.

**III. Deliberate Indifference**

The County Defendants move for judgment on the pleadings with respect to Corrow's deliberate indifference claim on the basis that the allegations are both "facially implausible" and that they illustrate that Corrow was promptly transferred to the NUMC for medical treatment. (Mot. at 7.) In opposition, Corrow argues that the County Defendants interfered with his medical treatment by denying him access to the NUMC's trauma unit and "calling the shots" with respect to his medical care, despite their lack of medical training. (Opp. at 1.) He further argues that "non-medical personnel and even medical personnel for that matter cannot choose an easier and less efficacious treatment just because they do not care for you if you're a pre-trial detainee, this is deliberate indifference." (*Id*. at 4.)

As this Court explained in its Order granting Corrow's IFP motion and dismissing the Amended Complaint, as a municipal entity, Nassau County may be held liable for constitutional deprivations under the standards set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, "municipalities and other local government units" are "persons" who may be liable under Section 1983, although they "cannot be held liable under [Section] 1983 on a respondeat superior theory." *Id*. at 690–91. Rather, the plaintiff must show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020). In order to bring a *Monell* claim against

a municipality, the plaintiff must allege facts supporting: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023). A plaintiff may establish the existence of a municipal policy giving rise to *Monell* liability in four different ways:

> (1) a formal policy endorsed by the municipality . . . ; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy . . . ; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware . . . ; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees.

*Deferio v. City of Syracuse*, 770 F. App'x 587, 589–90 (2d Cir. 2019); *see also Savarese v. City of New York*, 547 F. Supp. 3d 305, 354 (S.D.N.Y. 2021).

Here, the County Defendants' Motion fails to address *Monell* in any way and does not argue whether the Second Amended Complaint alleges facts plausibly supporting any of the aforementioned theories of liability. Instead, it argues that the allegations of the pleading are implausible and do not support a claim of deliberate indifference. (*See* Mot. at 3–5.)

A pre-trial detainee's claims of deliberate indifference are governed by the Due Process Clause of the Fourteenth Amendment.[6] *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment."); *see also Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838 (2d Cir. Mar. 2, 2023) (analyzing a pretrial detainee's denial of medical treatment claim under the Fourteenth Amendment standard) (summary order). To prove a

[6] Corrow is a pre-trial detainee, and thus his deliberate indifference claim arises under the Fourteenth Amendment. (*See* Opp. at 1.)

Fourteenth Amendment deliberate indifference claim, a pre-trial detainee must meet both an objective prong and a subjective prong. *Id*.

First, to satisfy the objective prong, "the alleged deprivation of adequate medical care must be sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), *abrogated in part on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023) (quotation marks omitted)[7]; *Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 395 (S.D.N.Y. 2020) (same). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find it important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Salahuddin*, 467 F.3d at 279 (quoting *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998)); *see also Sherman v. Cook*, No. 3:20-cv-1485, 2021 WL 311283, at *5 (D. Conn. Jan. 29, 2021) ("A 'sufficiently serious' medical condition is a condition that may lead to extreme or chronic pain, degeneration or death." (citing *Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996))).

Second, to satisfy the subjective prong, a plaintiff must plausibly allege that the defendant "official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35; *see also Horace v. Gibbs*, 802 F. App'x 11, 14

---

[7] *Salahuddin* addresses the objective prong of a deliberate indifference claim in the context of the Eighth Amendment. *See Salahuddin*, 467 F.3d at 279. However, the objective prong requires the same showing under the Eighth and the Fourteenth Amendments. *See Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020).

(2d Cir. 2020) (summary order); *Charles v. Orange Cnty.*, 925 F.3d 73, 86–87 (2d Cir. 2019) (holding that while this "formulation of the deliberate indifference standard was developed in cases involving unconstitutional conditions of confinement," the "same principles" apply to claims of unconstitutionally inadequate medical treatment). Further, "[a] plaintiff must show something more than mere negligence to establish a deliberate indifference claim in the Fourteenth Amendment context." *Charles*, 925 F.3d at 87. Accordingly, "mere medical malpractice is not tantamount to deliberate indifference, but it may rise to the level of deliberate indifference when it involves culpable recklessness, i.e. an act or failure to act that evinces a conscious disregard of substantial medical harm." *Id*. However, "mere disagreement over the proper course of treatment does not create a constitutional claim," either. *Damon v. New York*, No. 8:23-cv-74, 2023 WL 11965130 (N.D.N.Y. Mar. 28, 2023) (quoting *Chance*, 143 F.3d at 703), *report and recommendation adopted*, No. 8:23-cv-74, 2023 WL 11965128 (N.D.N.Y. Apr. 24, 2023). Therefore, a detainee "asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles*, 925 F.3d at 87. (emphasis in original).

The County Defendants do not contest that the allegations of the Second Amended Complaint meet the objective prong of the deliberate indifference claim—namely, that the deprivation of medical care alleged by Corrow was sufficiently serious. (*See* Mot. at 3–4.) Here the objective prong is clearly satisfied, as this Court found in the Order dismissing the claims against NUMC. (*See* NUMC Dismissal at 12.) The Second Amended Complaint alleges that Corrow's finger was "severed" and "hanging by the skin." (Sec. Am. Compl. § II at 3–4.) A

severed fingered undoubtedly affects an individual's ability to participate in daily activities and likely causes substantial pain. *See Salahuddin*, 467 F.3d at 279; *Sherman*, 2021 WL 311283, at *5.

However, the County Defendants argue that the Second Amended Complaint's allegations do not satisfy the subjective prong of a Fourteenth Amendment deliberate indifference claim because they do not plausibly show that the County Defendants engaged in any intentional conduct or reckless failure to act with reasonable care to mitigate the risk that Corrow's condition posed to him even though they knew, or should have known, that the condition would pose an excessive risk to Corrow's health or safety.

"Non-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed." *Atutis v. Harder*, No. 9:21-cv-715, 2021 WL 12314320, at *6 (N.D.N.Y. July 20, 2021). For example, in *Reed v. Does 1-6*, No. 3:24-cv-1359, 2024 WL 4872150, at *2–4 (D. Conn. Nov. 22, 2024), the court found that allegations that non-medical correctional facility officers "provided false information to the hospital staff that prevented Plaintiff from receiving an assessment for proper treatment for his assault injuries" gave rise to a plausible claim of deliberate indifference because the defendants "acted intentionally and recklessly to prevent [plaintiff's] access to necessary medical treatment." Similarly, in *Febus v. Somody*, No. 3:18-cv-640, 2019 WL 1763093, at *4 (D. Conn. Apr. 22, 2019), the court found that a police sergeant acted with deliberate indifference to a pre-trial detainee's health when the sergeant interfered with the plaintiff's treatment by removing him from the hospital against the treating physician's instructions. Accordingly, in order to bring a deliberate indifference claim against non-medical personnel,

there "must be at least some allegations of a conscious or callous indifference to a[n individual's] rights." *Dumel v. Westchester Cnty.*, No. 19-cv-2161, 2021 WL 738365, at *10 (S.D.N.Y. Feb. 25, 2021).

The crux of Corrow's deliberate indifference claim against the County Defendants is that the NCPD officers who accompanied him to the hospital were allegedly involved in his treatment with the medical staff at Nassau University Medical Center in an improper manner. The Second Amended Complaint includes the following conclusory allegations:

- "Nassau County Police Dept. in accordance with the hospital staff instead chose to place me in a regular room on the ICU floor to make their own decisions on how to treat my finger with no say, options, or choice to myself." (Sec. Am. Compl. at 4.);
- "In accordance with Nassau Police Dept. which has no medical professional capacity, the decision to violate my rights and negligently amputate my finger was made by the officers and detectives on the scene in accordance with the surgeon . . . ." (*Id.* at 5.);
- "This body cam footage will show . . . the officers on duty using police presence and persuasion to manipulate a public benefit corporation into bending to their demands and gravely injuring me permanently instead of providing any alternative to amputation." (*Id.* at 7.)

However, the Second Amended Complaint lacks factual allegations supporting the contention that the Nassau County police officers interfered with decisions concerning where to place Corrow in the hospital and whether to amputate Corrow's finger, or more broadly "manipulated" hospital staff to "bend[]" to their demands. (*Id.*) Nor do the allegations otherwise suggest that Nassau County police officers exhibited conscious or callous indifference to Corrow's health or that they attempted to delay his treatment. Rather, the Second Amended Complaint alleges that Nassau County paramedics promptly transported Corrow to the hospital, where Nassau County police officers acted in concert with the medical staff at Nassau University Medical Center. (Sec. Am. Compl. at 4.)

Unlike the defendants in *Reed* and *Febus* described above, the Second Amended Complaint does not allege that the County Defendants intentionally misrepresented information, failed to follow the orders of Corrow's treating physicians, or otherwise acted in a way that demonstrates a conscious disregard for Corrow's health. As such, "[a]bsent any allegation that defendants deliberately or recklessly exacerbated plaintiff's condition, delayed seeking medical attention, or caused him to receive inadequate treatment, plaintiff does not state a plausible claim for deliberate indifference his medical needs." *Hendrix v. City of New York*, No. 12-cv-5011, 2013 WL 6835168, at *10 (E.D.N.Y. Dec. 20, 2013).

Although Corrow objects to the surgeon's decision to amputate his pinky finger, the Second Amended Complaint alleges that the surgeon informed Corrow that he amputated Corrow's pinky finger to prevent further nerve damage. (*See* Sec. Am. Compl. at 4 (alleging that the surgeon who operated on Corrow chose to amputate his finger because doing otherwise would have "left [Corrow] with nerve damage").) The surgeon is not alleged to have, for example, amputated Corrow's finger based on false information presented by the County Defendants or in response to the County Defendants' intentional delay in bringing Corrow to the hospital. Instead, Corrow alleges that, prior to surgery, while he was being transported to the hospital, his "pinky finger was hanging by the skin." (*Id.*)

Accordingly, the allegations of the Second Amended Complaint express Corrow's disagreement with the medical treatment that he received, but they do not support a plausible claim that the County Defendants acted with conscious or callous indifference to Corrow's health by interfering with his treatment. Thus, the Second Amendment Complaint fails to allege a plausible Fourteenth Amendment deliberate indifference claim against the County Defendants, and these claims are dismissed.

## IV. Personal Involvement

The County Defendants also argue that the Second Amended Complaint fails to make any substantive allegations against Officer Lee and therefore fails to allege that he was personally involved in any of the conduct challenged under Section 1983. (Mot. at 4–5.) In opposition, Corrow repeats his allegation that "Officer Lee . . . perform[ed] the duty of cleaning blood off of me," while he was stationed at Corrow's bedside. (Opp. at 2.)

"[A]n individual may be held liable under . . . [Section] 1983 only if that individual is personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015); *see also Sanfeliz v. Williams*, No. 22-cv-8914, 2026 WL 84517, at *6 (S.D.N.Y. Jan. 12, 2026) ("Personal involvement of the individual Defendants in the alleged constitutional deprivations is a prerequisite to an award of damages against them under § 1983.") As a result, "a plaintiff must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). "Personal involvement can be established by showing that

> (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or; (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Littlejohn*, 795 F.3d at 314.

The Second Amended Complaint's allegations regarding Officer Lee are that he "was cleaning the blood himself when the amputation was over . . . ." (Sec. Am. Compl. at 7.) This lone allegation regarding Officer Lee is insufficient to raise a plausible Fourteenth Amendment deliberate indifference claim, as it does not suggest that Officer Lee delayed or interfered with

Corrow's medical treatment or otherwise acted with a conscious disregard of risks to Corrow's health. Accordingly, the deliberate indifference claim against Officer Lee is dismissed.

**V. Fictious Defendants**

The Second Amended Complaint brings claims against John Doe, an NYPD detective in Bethpage, New York, and Jane Doe, a Nassau County EMT (together, the "Doe Defendants"). (*See* Sec. Am. Compl.) The allegations against the Doe Defendants are identical in all material respects to the allegations brought against the County Defendants. Accordingly, the Court dismisses the claims against the Doe Defendants for the reasons set forth in this Memorandum and Order. *See Bailon v. Pollen Presents*, No. 22-cv-6054, 2023 WL 5956141, at *10 (S.D.N.Y. Sept. 13, 2023) ("The Court has discretion to dismiss claims *sua sponte* pursuant to Rule 12(b)(6), particularly where it is clear that a plaintiff could not have prevailed on the facts alleged in the complaint."); *Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009) (summary order) ("A district court's ability sua sponte to dismiss a [pro se] complaint that lacks a basis in law or fact is well-established." (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000))

**VI. Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City. of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, leave to amend is properly denied where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Similarly, "where the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." *Harrison v.*

*Traylor*, No. 17-cv-6678, 2022 WL 580773 at *6 (S.D.N.Y. Feb. 25, 2022) (quoting Coon v. Benson, No. 09-cv-230, 2010 WL 769226 (S.D.N.Y. Mar. 8, 2010)).

As explained above, earlier in this litigation, the Court dismissed Corrow's Amended Complaint after screening it pursuant to 28 U.S.C. § 1915A and granted him leave to file a second amended complaint. (IFP Order at 12–13.) In the portion of the IFP Order granting Corrow leave to file a second amended complaint, the Court cautioned Corrow to "review [its] guidance set forth [in the IFP Order] concerning the requirements to allege facts supporting plausible *Monell* claims against [the County Defendants] and plausible deliberate indifference claims." (*Id*. at 13.) Here, the allegations against the County Defendants in the Amended Complaint and Second Amended Complaint are similar in all material respects and pertain to the County Defendants' alleged involvement in the care that Corrow received for his severed pinky finger. (*Compare* IFP Order at 2 *with supra* at Background § II.) As detailed above, these allegations do not state a plausible Fourteenth Amendment deliberate indifference claim against the County Defendants.

Because the allegations in the Second Amended Complaint do not cure the specific deficiencies that the Court identified in the Amended Complaint, the Court denies Corrow further leave to amend and dismisses the claims against the County Defendants and the Doe Defendants with prejudice. *See Bridges v. Corr. Servs.*, No. 17-cv-2220, 2022 WL 1500633 (S.D.N.Y. May 12, 2022) (dismissing pro se plaintiff's second amended complaint with prejudice after it failed to cure the deficiencies in the amended complaint); *Coon*, 2010 WL 769226 at *6 (same).

## CONCLUSION

For the reasons set forth above, the County Defendant's Motion is GRANTED in its entirety, and the claims set forth in the Second Amended Complaint against the County Defendants and Doe Defendants are dismissed with prejudice. The Clerk of the Court shall mail a copy of this Order to Corrow at his address of record and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
September 14, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge